IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GET ME, LLC, A Delaware Limited Liability Company | ) ) |
| Plaintiff | ) |
| v. | ) ) |
| ALEJANDRO ABELLO, an individual, and GETME, LLC, a Florida Limited Liability Company | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff GET ME LLC, through its counsel and for its complaint against GETME, LLC and ALEJANDRO ABELLO ("Defendants"), states as follows:

## NATURE OF ACTION

1.  This is an action for a Declaration of non-infringement under the Lanham Act and cancellation of Trademark Reg. No. 4,194,954.

## THE PARTIES

2.  Plaintiff GET ME, LLC ("GET ME") is a Delaware limited liability company with a principal place of business located at 1130 North Westmoreland Road, DeSoto, Texas 75115, and is the owner of all rights in and to the GET ME name and mark.

3.  On information and belief, Defendant ALEJANDRO ABELLO is an individual who resides at 199 E Flagler Street, #414, Miami Florida 33131 ("Abello"). On information and belief, Defendant GETME, LLC is a Florida limited liability company that has a principal place of business located at 199 E Flagler Street, #414, Miami Florida 33131

("Advance Delivery"). Advance Delivery and Abello shall be collectively referred to as "Defendants".

## JURISDICTION AND VENUE

4. This action arises under sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1119, 1064, for false or fraudulent registration under §38 of the Lanham Act, 15 U.S.C. § 1120, under the Trademark Act, 15 U.S.C. § 1051 et seq., and seeks relief, *inter alia,* under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 2201(a) (declaratory judgments), 15 U.S.C. § 1121 (jurisdiction over Lanham Act claims), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (jurisdiction over any civil action arising under an Act of Congress relating to trademarks).

6. Venue is proper in this judicial district under 28 U.S.C. §§1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

7. On information and belief, Advance Delivery is a food delivery service, operating solely in Florida, which allows customers to call Advance Delivery and arrange for the delivery of food from local restaurants that do not have their own delivery service.

8. Oppositely, GET ME is a technology company that was founded with the aim of becoming a technology leader in booking and scheduling transportation, pick-up and delivery services.

9. GET ME has two sides of its business, which it has collectively coined SOMETHINGORSOMEWHERE™. The SOMETHING service allows customers to request that a GETME driver deliver items directly to the consumer. For example, a customer can

order a shirt be delivered to them from their favorite store, some lumber from their favorite home improvement store, or coffee from their favorite coffee house through their smartphone device. The SOMEWHERE service is a ridesharing service that locates customer via GPS and allows them to order a driver service. GET ME offers its services through its proprietary phone application software that can be downloaded by consumers on any smartphone that operates on the IOS or Android platforms. Currently, GET ME has drivers in Nevada and Texas providing rideshare and delivery services. The nature of the item to be delivered is dictated by the customer and only a small number of deliveries have been for food items.

10. GET ME has committed significant money and resources in developing its technology platform and has applied to register its trademarks with the United States Patent and Trademark Office.

11. GET ME is the owner by assignment of trademark application USSN 86/770511 for GET ME filed USPTO on September 28, 2015, claiming priority from July 9, 2015.

12. GET ME also operates a website located at www.getme.com. *See* **Exhibit A**.

13. GET ME presently offers its services in Texas and Nevada.

14. GET ME uses the following design logo in connection with the GET ME mark:



### Defendant Abello's Trademark Registration

15. On October 5, 2009, Defendant Abello filed an intent-to-use trademark application for a design logo trademark, for use in connection solely with "food delivery", that

incorporates the words GET ME ADVANCE DELIVERY SYSTEM, which is identified below:



16. Defendant Abello's registration consists of the wording GET ME ADVANCE DELIVERY SYSTEM, where the left half of the "M" in "ME" forms the legs of a stylized person who is holding a bag in one hand and a phone in the other. All of the wording is in black, except for the legs of the stylized person, which are red. The overall background is white.

17. For a trademark to be eligible for registration with the USPTO, the trademark must be used in <u>interstate commerce</u> as of filing date of the Statement of Use.

18. On or about August 21, 2012, the Patent and Trademark Office granted Defendant Abello's application for registration of the ![GetMe] mark in reliance on Abello's December 6, 2011 declaration that the mark was in use in commerce that can be regulated by the U.S. Congress, which requires use in interstate commerce.

19. On information and belief, Abello knew, or should have known, that the statements in his December 6, 2011 declaration were false and misleading.

20. The specimen submitted by Defendant Abello in connection with his Statement of Use, supporting his declaration to the USPTO that he made use of the ![GetMe] mark in commerce, admits that use occurred only within Florida's borders. *See* **Exhibit B**. ("We cover the areas of AVENTURE, SUNNY ISLES, and HALLANDALE".)

21. Moreover, the applicant (and eventual registrant) is Defendant Abello (not Advance Delivery). However, the use in commerce relied upon by the Examiner was made by Advance Delivery.

22. Upon information and belief, there is no license of the GET ME ADVANCE DELIVERY SYSTEM mark from Defendant Abello to Advance Delivery and, therefore, any use by Advance Delivery did not, and does not, inure to the benefit of Defendant Abello. Thus, as Defendant Abello did not make use of, or license use of ![GetMe logo], the registration is invalid and must be cancelled.

## DEFENDANTS' ACTS COMPRISING ACTUAL CONTROVERSY

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1-21 of this Complaint as if fully set forth herein.

24. Defendants sent a cease and desist email, dated On October 20, 2015, to Jonathan Laramy (GET ME's Co-Founder). *See* **Exhibit C**.

25. The letter alleges that GET ME's use of the GET ME mark infringes on Advance Delivery's trade name and Defendant Abello's registered design logo trademark that incorporates the words GET ME ADVANCE DELIVERY SYSTEM.

26. The cease and desist letter states, "You have 10 days to resolve this problem in good faith, otherwise we will be forced to take legal action against you and your company and any affiliates." *See Id.*

27. On or about October 27, 2015, GET ME responded to the cease and desist letter by requesting to speak to Defendants' attorney.

28. On December 24, 2015, Defendants' counsel sent a letter to GET ME's counsel demanding, among other things, that Get Me cease and desist all use of the "Get Me" service

mark, the "Get Me, LLC" tradename, the domain name http://www.getme.com/, any other mark that is likely to cause confusion with Get Me, and that GET ME immediately abandon its application to register "GET ME."  See **Exhibit D**.

29. The letter affirms that Advance Delivery still offers its services solely within the boarders of Miami, Florida.  **Exhibit D** ("GetMe offers a wide variety of on-demand delivery services for food and other items under the "Get Me" trademark.  ***GetMe offers those services in the Miami, Florida area***.") (emphasis added).

## COUNT I
## Declaration of Non-Infringement

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1-29 of this Complaint as if fully set forth herein.

31. This is an action for Declaratory Judgment that GET ME's use of GET ME mark does not infringe any trademark rights of Defendants.

32. As an actual controversy exists by way of credible threat of immediate litigation and demand to cease and desist use of GET ME's trademark and related services and goods, Plaintiff seeks relief from this Court.  Plaintiff is the owner by assignment of trademark application USSN 86/770511 for the mark "GET ME" filed USPTO on September 28, 2015, claiming priority from July 9, 2015.  The application is still pending at the US Trademark Office.

33. Even if United States trademark registration number 4,194,954 is valid, which it is not, Plaintiff's use of the mark GET ME in connection with the goods and services currently offered by GET ME is not likely to confuse consumers with Defendants' composite mark for use in connection with "food delivery" services.

34. GET ME is under real, imminent threat that Defendants will bring suit in the immediate future for trademark infringement, together with other related causes of action.

35. Without this Court's intervention and determination that GET ME's use of the GET ME mark does not infringe on Defendants' rights, GET ME stands to suffer imminent, severe, and irreparable harm in the marketplace.

36. By reason of the foregoing, GET ME is entitled to declaratory judgment that it is not infringing, has not infringed and is not liable for infringing any allegedly enforceable trademark rights owned by Defendants related to GET ME's use of the GET ME trademark in connection with its proffered goods and services.

37. GET ME has no adequate remedy at law.

## COUNT II
## Cancellation of Registration No. 4,194,954

38. Plaintiff repeats and realleges the averments contained in paragraphs 1-37 of this Complaint as if fully set forth herein.

39. This is an action for cancellation of Defendant Abello's United States trademark registration number 4,194,954, pursuant to Section 2(e) of the Lanham Act, 15 U.S.C. §52(e) and §14(3) of the Lanham Act, 15 U.S.C. §1064(3), and 15 U.S.C. § 1051 *et seq.* of the Trademark Act on the ground that this registration was obtained by Defendant Abello through misrepresentation and fraudulent statements made to the United States Patent and Trademark Office.

40. Defendant Abello's acts identified herein, including the representation in his supporting declaration that he made use of the [GetMe logo] mark in interstate commerce, constitute

knowingly false representations to the USPTO that caused the USPTO Examining Attorney to accept the Statement of Use and to issue the subject registration.

41. By reason of the foregoing, GET ME has suffered and will continue to suffer irreparable harm by Defendant Abello in a manner set forth above unless the Court issues a Declaratory Judgment canceling US Trademark Registration Number 4,194,954.

42. GET ME has no adequate remedy at law.

WHEREFORE, Plaintiff, GET ME prays that judgment be entered:

A. An order declaring that the GET ME's mark is not confusingly similar to Defendants' mark and thus, has not infringed and is not likely to infringe Defendants' mark;

B. An order declaring that US Trademark Registration Number 4,194,954 has been obtained through misrepresentation and misstatements to the US Patent and Trademark Office, and lacks the requisite legal requirements to protectable on the Principal Register and to be unenforceable and therefore, declaring the same null and void and canceled;

C. An order declaring that Defendant Abello obtained US Trademark Registration Number 4,194,954 in bad faith and awarding GET ME its damages and attorney fees; and

D. An order declaring that GET ME be granted such other and further relief, including costs of suit, as the Court may deem just and proper.

DATED: January 13, 2016.      **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ C. Dunham Biles
    C. DUNHAM BILES, SBN 24042407
    E-mail: Dunham.Biles@lewisbrisbois.com
    2100 Ross Avenue, Suite 2000
    Dallas, Texas 75201
    Telephone: 214.722.7100
    Facsimile: 214.722.7111

**ATTORNEY FOR PLAINTIFF GET ME LLC**